## Vorse's Estate.

*Guardian and ward—Choice of guardian by ward—Ward over fourteen years of age—Conclusiveness of appointment—Act of June 7, 1917, P. L. 447.*

The right of a minor over the age of fourteen years to choose his own guardian is not an absolute one, but is subject to the control of the court, resting in its sound discretion, the best interest of the child being the essential thing to be kept in mind.

Petitions for appointment of guardian of a minor over fourteen years of age. O. C. Erie Co.

*J. O. Hertzler,* for petitioner, Martin L. English.

*George M. Mason,* for petitioner, Ida English.

CLARK, P. J., Nov. 4, 1927.—On the same day there came before the court for consideration two petitions for appointment of a guardian for Blanche Luella Vorse, a minor over fourteen years of age.

One of these petitions was signed Martin L. English, as next friend, who is the grandfather of the minor, and it asks for the appointment of First National Bank of Girard as guardian. Counsel modified the request by stating that the appointment of any trust company would be satisfactory to the petitioner.

The other petition was signed by Ida English, an aunt of the minor and as her next friend, and requested the appointment of F. A. Lloyd as guardian.

As we understand the situation, neither of the attorneys knew the other was presenting a petition until their appearance in court. Counsel advised the court that *habeas corpus* proceedings were pending in the Court of Common Pleas for the custody of this minor. The contest being between the grandfather, the aforesaid Martin L. English, and the aunt, the said Ida

Vorse's Estate.

English, we awaited the outcome of this controversy before deciding the petitions before us.

The custody of the child was awarded to the aunt, Ida English. It was contended before us that the child being over fourteen years of age, her selection was final, and especially in the absence of some disqualifying prohibitions and that the court's supervision and discretion ended.

The contrary was argued to the effect that the court's discretion did not cease because a minor over fourteen years of age had made choice of a guardian.

We are inclined to the belief that the latter's contention is correct. The following is an extract from the laws governing the appointment of guardians: "The Orphans' Court of each county shall have the care of the persons of minors resident within said county and of their estates and shall have power to admit such minors over the age of fourteen when and as often as there shall be occasion to make choice of guardians and to appoint guardians for such as are under the age of fourteen or otherwise incompetent to make choice for themselves:" Section 59 (a), Act of June 7, 1917, P. L. 447-529.

This is section 2 of the Act of March 29, 1832, 1 Purd. 1083, altered by inserting in the fourth line the words "over the age of fourteen," by substituting in line six and seven the words "are under the age of fourteen" for "they shall judge too young" and by omitting the first part of the proviso which is covered by the clause (b). For further tracing of prior legislation, see the notes of the commissioners appointed to codify and revise the law of decedents' estates, set forth in the Report of the Commissioners of 1917, page 252.

The Supreme Court has held that a legal discretion is vested in the Orphans' Court and when once exercised is not the subject of review by a court of errors: McCann's Appeal, 49 Pa. 304, and followed in Gray's Appeal, 96 Pa. 243. Bearing upon this subject, see Filer's Estate, 7 Lacka. Leg. News, 318, and, also, a more recent decision, Schell's Estate, 7 D. & C. 11 (decided in 1925).

There is not any doubt that when a minor attains the age of fourteen years he may appear in the Orphans' Court and make the choice of a guardian, and can even do so when the change of a guardian is desired, but that choice is not conclusive; it may not be accepted; it does not terminate the discretion of the court.

"These minors are wards of the court and whether under or over fourteen years the matter of a choice of a guardian is not an absolute one, but rests in the sound discretion of the court, keeping in mind the best interest of the child. If the choice of a guardian by a minor over fourteen years of age was an absolute one beyond the discretion and supervision of the court, then, indeed, the minor well could name his own guardian, and the petition to the court for permission to choose would be a vain and useless thing:" Schell's Estate, supra.

Several authorities are cited in this decision and it may be profitably examined by those who are interested in the subject.

In view of existing conditions, among them the fact that the aunt, Ida English, has been awarded the custody of the child, and also that she is the petitioner for appointment of F. A. Lloyd for guardian, and there being no objections to him as not being a proper person, he is appointed guardian by the court, filing a bond in the sum of $2600, to be approved by the court.

From Otto Herbst, Erie, Pa.