## Ressler v. Ressler

*Bertram J. Murphy*, for libellant.

MAYS, J., February 1, 1943.—It appears from the libel and the master's report that respondent is a minor, 18 years of age. The libel filed, which does not contain the names of respondent's parents, asks for the appointment of a guardian ad litem. The court appointed Henry F. Wiegand, Esq., guardian ad litem. Nothing appears in the record to indicate that at any time any notice of this appointment was brought to the attention of respondent's next of kin.

Rule 124(*a*) 1 provides that the libel shall contain "The names of the respective parties and whether they be under or over the age of 21 years, and where under the age of 21 years, the names and addresses of their respective guardians, if any. When the respondent is under the age of 21 years, the names and residence of his or her parents, if living and within the county; if there are no parents resident within the county, then the names and residence of the next of kin resident within the county."

Surely libellant's failure to set forth what is thus required does not obviate the necessity (see Rule

128($b$)) of serving "a brief notice of the application for divorce and the appointment of the guardian or committee ad litem, as the case may be, with a copy of the decree appointing the guardian or committee ad litem" upon the next of kin personally or by registered mail.

These rules have a very clear and definite purpose, viz, to have the minor's rights and interest protected by those who are clearly charged with the duty so to do.

It is our concern to see to it that process is served upon the person or persons who will probably be most attentive to the interests of the minors.

The testimony discloses that respondent is residing with her mother and father, residents of the City of Reading. When the appointment of one not next of kin was asked for, libellant should have notified the father or mother, or both, to that effect, or at least, when the appointment was so made without such notice, it should have been brought home to them that said guardian ad litem was appointed.

In Senseman's Appeal, 21 Pa. 331, the court did not appoint the father as the guardian of the child, and the reasons for its refusal so to do are manifest. Lewis, J., however, used these significant words, at page 333:

"But his duty and power to protect its interests remain; and where he is in full life, and within the jurisdiction of the Court, he ought to have notice of the proceedings, and is entitled to be heard."

In Yost v. Yost, 17 D. & C. 11, a divorce proceeding, Koch, P. J., held that (syllabus) : "A guardian *ad litem* for a minor respondent in a divorce suit should not be appointed without notice of the application therefor to the minor or the next of kin . . ."

We do not say that this is absolutely necessary; but, as already pointed out, libellant should have set forth the next of kin of respondent. When this had been done, then compliance with Rule 128($b$) would have made it

mandatory to notify the father or mother, or both, of the appointment so made.

And now, to wit, February 1, 1943, the court, without adjudicating the merits of the case, refuses at present to make the decree recommended by the master for the reason and upon the ground that there is nothing upon the record to the effect that notice was given to respondent's next of kin; and it is ordered that all proceedings be stayed until said notice shall be properly served upon the next of kin.