| 21 | 331 |
|---|---|
| 126 | 328 |

# Senseman's Appeal.

1. The appointment of a guardian is a final decision upon the right to the care and control of the person of the minor or to the possession or management of his estate, and from such decree an appeal lies to this Court.

2. Where the father of a minor is in full life, and within the jurisdiction of the Court, he ought to have notice of the proceeding for the appointment of a guardian for his child.

3. The Act of 1832 providing that "No executor or administrator shall be admitted or appointed by the Orphans' Court guardian of a minor, having an interest in the estate under the care of such executor or administrator :" *Held*, that it was not necessary that the land devised to the minor should be placed under the care of the executor, in order to his being disqualified from appointment as guardian of the minor.   If any portion of the land be devised to the minor, he is entitled to the appointment of a proper guardian to protect his interest.

4. The settlement of the account of the executor in the Orphans' Court, and the distribution of the balance without refunding bonds, it not appearing that the minor had a guardian to attend to his interests in the matter, is not a justification of the appointment of the executor as guardian.

5. The uncle of a minor whose father is alive and within the jurisdiction of the Court, has no right to petition for the appointment of a guardian, without any necessity being alleged for the action of the former in the matter.

[Senseman's Appeal.]

APPEAL from the decree of the Orphans' Court of *Cumberland county*, in the matter of the appointment of Christian Titzel, as guardian of two minor sons of Jeremiah Senseman, the appellant.

On the 4th day of June, 1847, Michael Hoover, the maternal grandfather of the above-named minors, made his will, which after his death was proved on the 31st day of July, 1847, and letters testamentary were issued to Christian Titzel, the executor, appointed therein. In his will, after certain bequests, &c., he devised all the residue and remainder of his real estate to his daughter, Mandilla, for and during her natural life, the same to be for her sole and separate use; and at her death, *should she leave children* and grandchildren, or either of them, living at that time, then he directed that said real estate should go to and belong to them, their heirs and assigns, in fee simple, each child to take an equal share, and the grandchildren by representation only such share as their parent, if living, would have taken.

His daughter, Mandilla, afterwards married the appellant, Jeremiah Senseman, by whom she had two children, the minors before named. The mother is dead.

On the 17th of August, 1852, shortly after the mother's decease, John Hoover, the uncle of the minors, it was alleged without the knowledge or consent of the father, Jeremiah Senseman, petitioned the Orphans' Court of Cumberland county, it being stated in the petition that the minors, by the will of their maternal grandfather, were entitled to certain real estate in the county, to take charge of their interests in which they had no guardian. He prayed for the appointment of Christian Titzel as guardian of their said estates.

The Court accordingly appointed Christian Titzel as guardian, he being then *the executor* of the will of Michael Hoover, deceased.

On the 23d August, 1852, a petition, by the father and by the grandmother of the minors, was presented to the said Orphans' Court, in which it was stated that the petition of Hoover was without the knowledge of the father, who had made arrangements to apply for the appointment of a guardian; objecting to the appointment of Titzel, and asking that it be revoked, and another person appointed. A rule was entered as to Titzel, to show cause why his appointment as guardian should not be revoked, but it was afterwards discharged, GRAHAM, the President Judge, dissenting.

Appeal was taken by the father of the minors, and exception was taken to the refusal to revoke the appointment of Titzel.

*Miller*, for appellant.—The Act of 1832 was cited as forbidding the appointment of the executor as guardian of minors who were

interested in the estate.  It was said that Titzel was not on terms of friendship with the father of the minors.

*Biddle*, contrà.—It was said that Titzel, the guardian, had not under his charge any estate in which the minors had an interest. The *personal* estate of the testator was devised to the widow, his brother John, and to his daughter Mandilla, so that the legacy, if it had not been paid to her, would at her death have been payable to the administrator of her estate, and not to her heirs.  The real estate was devised away, and the executor had nothing to do with it, and it was said that he could not have had in any contingency, as it was provided in the will, in case of the death of the devisees therein, that Levi Markle should be a trustee to sell the same, and distribute the proceeds.

*Hepburn*, in reply.—John Hoover had no interest in the matter, and should not have petitioned for the appointment.  If the Act of 1832 forbids the appointment of Titzel, the appeal should be sustained.

The opinion of the Court was delivered by

LEWIS, J.—It is the duty of a father to maintain, protect, and educate his offspring.  His power over them is derived from that duty.  The latter could not be performed without the existence of the former.  The authority of a guardian bears a near resemblance to that of a father, and is plainly derived out of it; the guardian being only a temporary parent.  He usually performs the office of both *tutor* and *curator* of the Roman law; the former of which had charge of the maintenance and education of the minor, and the latter the care of his fortune.  From the existence of the parent's authority, and the just obligations the child is under to him for his care and protection, he is apt to forget that his only compensation is its affection, obedience, and services.  He has no right to the estate which it may have received from the bounty of others.  To place its property or money in his hands has been found unfavorable to the interests and happiness of both.  It throws obstacles in the way of enforcing the rights of the minor, not likely to be encountered in a contest with a stranger.  For these reasons it is deemed improper to appoint the father the guardian of his child's estate.  But his duty and power to protect its interests remain; and where he is in full life, and within the jurisdiction of the Court, he ought to have notice of the proceedings, and is entitled to be heard.  The case before us is an illustration of the necessity of this.  For want of such notice, the Court was misled, and an appointment procured of one whose interests are

likely to conflict with those of the minor, and who is clearly ineligible on that account.

The appointment of a guardian is a *final decision* upon the right to the care and control of the person of the minor, or to the possession and management of its estate, or to both, as the case may be. It is not an interlocutory order, but a "definitive decree," from which an appeal lies to this Court. It is conceded that the Orphans' Court may exercise its discretion in the selection of suitable persons, so long as it takes care not to violate the positive rules of law. Where these are violated, the error may be corrected here.

The Act of Assembly declares that "no executor or administrator shall be appointed guardian of a minor *having an interest in the estate under the care of such executor or administrator.*" The will of Michael Hoover shows that Christian Titzel was appointed his executor, and that the minors are devisees of a portion of the real estate. It establishes the fact that the estate of Michael Hoover was "placed under the care" of Titzel as much as estates are usually placed under the care of executors, and quite as much as they are ever placed under the care of administrators; and it also establishes the additional fact that the minors are "interested in that estate." It is not required that the particular tract of land devised to the minors should be placed under the care of the executor in order to disqualify him. This is seldom done, and never in the case of administrators. If any portion of the land be devised to a minor, he thereby becomes interested in the estate of the decedent, and it is necessary for the protection of that interest that he should have a guardian to keep an eye upon the executors, to see that they are faithful in the collection of the assets, in the application of the personal estate to the payment of debts, and in their general management of the estate under their care. If this be not properly attended to, the real estate of the minor might be unjustly swept away from him by a sale for the payment of debts which ought to have been satisfied out of the personal estate, or which never had any just foundation, or have in fact been paid. We do not regard the statement on the paper-book of the appellee, relative to the settlement of the executor's accounts, and the voluntary distribution of the assets, as forming a part of the record. These facts do not appear to have been presented to the Court below. If they had been, the case would stand no better.

A settlement of the accounts of the executor, when the minor had no guardian to see that they were properly settled, and the distribution of the assets without a refunding bond, is neither a discharge of the executor, nor a justification of his appointment as guardian. On the contrary, the reason is the more urgent for the appointment of one whose interest will not be identical with

that of the executor, and who may examine the proceedings and ascertain whether the minor's estate is properly secured from the debts of the testator.

John Hoover, the uncle of the minors, had no authority to present the petition as *their* next friend, without alleging any necessity for his interference instead of the father. If the father, on being applied to, had refused to take the necessary measures to protect their interests, the uncle might have made the application.

It is ordered and decreed that the decree of the Orphans' Court of Cumberland county, appointing Christian Titzel guardian of the estates of John Senseman and Jeremiah A. Senseman, be reversed, and that the petition of John Hoover be dismissed, at his costs.