# Gray's Appeal.

1. The legal discretion of the Orphans' Court in the appointment of guardians of the persons and estates of minors is not subject to review by a court of error.

2. McCann's Appeal, 13 Wright 304, followed.

November 10th 1880. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Appeal from the Orphans' Court of *Allegheny county:* Of October and November Term 1880, No. 289.

Appeal of Phineas T. Gray from the decree of the court refusing his petition to make choice of a new guardian.

On the 29th of November 1873, the appellant by his next friend W. M. Gray, presented a petition to the Orphans' Court setting forth that he was the minor child of Phineas T. Gray, deceased, under the age of fourteen years and had no guardian; that he was entitled to real estate of no annual value, and to personal estate amounting to $2000, and praying the court to appoint some fit person guardian of his person and estate; and thereupon said court

appointed Joseph H. Gray guardian of said minor, who gave bond, and entered upon the discharge of his duties as guardian of said minor.

On the 18th of September 1880, the said Phineas T. Gray presented his petition to said Orphans' Court, setting forth the foregoing facts, and that he was over the age of fourteen years, to wit, of the age of fifteen years on the 10th of March 1880, and praying the court to allow him to make choice of some fit person as guardian of his person and estate, instead of the said Joseph H. Gray, heretofore appointed by said court.

No cause was assigned as a reason for the proposed change of guardian. The court awarded a citation to Joseph H. Gray, the guardian, to show cause why the prayer of the petitioner should not be granted, and the guardian filed answer, wherein the court was asked to refuse the application of the petitioner on the ground that he had been unduly influenced by his relatives. A general replication having been filed, the 2d of October 1880, was fixed for a hearing in the case before the court. The parties appeared, and the counsel for respondent called the respondent to prove facts alleged in his answer when he was stopped by the court; the court ruling that the burden of proof was upon the petitioner to show cause for a change of guardian. Whereupon the petitioner having refused to show cause (not having alleged any in his petition), the court, Hawkins, P. J., made a final decree refusing the application, and delivering the following opinion:

"When the legislature gave the 'Orphans' Court of each county * * * the care of the persons of minors resident within such county, and of their estates, and * * * power to admit such minors when and as often as there shall be occasion to make choice of guardians,' it gave in plain terms discretionary power to that court in the appointment of guardians: McCann's Appeal, 13 Wright 304. The law presupposed the immaturity of minors and the consequent necessity of 'care' over their persons and estates. Is there 'occasion' in the present case to admit the petitioner to make choice of a new guardian in place of the old?

"He already has an unexceptionable guardian. A change of guardian will involve the filing and auditing the account of the old guardian, and the expense and cost incidental thereto, which must be borne by the minor's estate. It may, and probably will, become necessary to call in the present investment, and a change of policy will follow in the administration of the trust; this will cause delay and consequent loss to the minor's estate. These are some obvious objections to change. On the other hand no special advantages are adduced for making it. The application is based entirely on an asserted 'naked right of choice.' If such right exists why come into the Orphans' Court at all? If petitioner is competent to make choice without the supervision of this court then he does not need

[Gray's Appeal.]

its 'care,' he is competent to transact his own business, and there is no occasion for a guardian; but if, as the legislature has asserted, he needs its 'care,' he needs its supervision in the selection of a guardian.   There can be no 'occasion' to make choice of another guardian, where no advantages can be attained.   It follows that the circumstances of this case do not justify a change of guardians, and the application to be admitted to 'make choice' must be refused."

From this decree this appeal was taken.

*J. E. Kuhn*, for appellant.—Under the fifth section of the Act of 29th March 1832, minors not too young, that is, over fourteen years, who have no guardians, have a right to choose their own guardians, under the supervision of the court.   Has not a minor then, who has had a guardian appointed for him by the court when he was too young to choose, the same right of choice upon his arrival at the age of fourteen years?   If not, how has he lost his right of choice?   In no way, unless by the action of the court in appointing a guardian for him when he was too young to choose one for himself.   This, we submit, could not prejudice his right.   In support of the minor's right, upon attaining the age of fourteen, to supersede the guardian appointed by the court, by the choice of another, we refer to Arthur's Appeal, 1 Grant Cas. 55, which was a proceeding similar to the present one, in which Judge Lewis, in delivering the opinion of the court, shows that at common law the minor, upon attaining the age of fourteen, had a right to choose his guardian.   See also, Lee's Appeal, 3 Casey 229; Lewry's Estate, 5 W. N. C. 475.   McCann's Appeal, 13 Wright 304, does not overrule Arthur's and Lee's Appeals, *supra.*

*Robb & McClung*, for appellee.—In the cases of Arthur's Appeal and Lee's Appeal, cited by appellant, the Orphans' Court had, in the exercise of its discretion, determined that there was occasion to admit the minor to make choice, and of course this court would not review that discretion in those cases where it determined the question in one way, any more than it will in this case, when it determined it the other way.   We do not see any necessary conflict between McCann's Appeal and Lee's and Arthur's Appeals; but whether there is or not, McCann's Appeal decides that the court has a larger discretion than simply to determine as to the character and fitness of the party chosen.   In that case no ground of refusal appeared upon the record, and Woodward, C. J., remarks that even if the Supreme Court thought the Orphans' Court wrong in its judgment upon the alleged grounds, yet the act vested a legal discretion in said court and its exercise could not be reviewed.

The judgment of the Supreme Court was entered November 22d 1880,

[Gray's Appeal.]

PER CURIAM.—As we understand the decision in McCann's Appeal, 13 Wright 304, it is very correctly stated in the syllabus : "The legal discretion of the Orphans' Court in the appointment of guardians of the persons and estate of minors is not subject to review by a court of error." It follows that we ought not to intervene even if we thought that the discretion of the court below was not properly exercised in this case.

Decree affirmed, and appeal dismissed at the costs of the appellant.