393 A.2d 1205

COMMONWEALTH of Pennsylvania ex rel. Frances
KESSLER, n/k/a Frances Jaffe

v.

Leonard KESSLER.

**Appeal of Frances KESSLER, now known as Frances Jaffe.**

Superior Court of Pennsylvania.

Argued June 12, 1978.

Decided Dec. 14, 1978.

Lynne Z. Gold-Bikin, Norristown, for appellant.

Marvin Leonard Wilenzik, Norristown, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-
CONE, PRICE, VAN der VOORT, SPAETH and HESTER,
JJ.

HESTER, Judge:

This is an appeal from an Order of the Common Pleas Court of Montgomery County, dismissing a Petition to Increase Support and granting a Petition to Vacate a Support Order.

Appellant and appellee were formerly married and the husband's (appellee's) contribution to the support of their child, Murray, constitutes the dispute in this appeal.

The husband appellee, as the result of three prior court orders dated November 7, 1969, July 22, 1971 and June 21, 1973, was obligated to pay Fifty ($50.00) Dollars per week towards his son's support. Murray became 18 years of age in April of 1977. He graduated from high school in June of 1977. The father appellee thereafter, in July, 1977, filed a Petition to Vacate the prior support orders asserting that due to the fact that Murray was no longer a minor and was employed, he (the father) no longer had the duty of support. The wife (appellant) countered by filing a Petition to Increase the existing support in view of the increased cost of living and the fact that Murray had enrolled in Villanova University.

Their petitions (and the accompanying answers) were argued before the lower court on August 9, 1977, at which time the judge dismissed the wife's petition for increased support and granted the husband's petition to vacate the prior support orders without a hearing.

The judge reasoned that since his son, Murray, was now an adult, the mother had no standing to seek support for him and that Murray should initiate his own petition for support in Philadelphia County, where the appellee resided. From that determination, the wife appealed.

■ There can be no question that a father may be obligated to provide support towards the college education of a child who has reached 18 years of age. See *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963). Therefore, the only question to be determined in this appeal is in what jurisdiction should the question of the father's ability to provide this support be adjudicated.

The lower court judge reasoned that because the question of college support involved a unique situation relative to the existing support order, a new proceeding should be initiated and since Murray was no longer a "minor", he should institute his own action, necessarily in Philadelphia County, where his father now resides.

We, however, disagree.

The *Civil Procedural Support Law,* 1953, July 13, P.L. 431 § 10, 62 P.S. § 2043.40 [1] provides:

> The court making the order shall at all times maintain jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order.

The Montgomery County Common Pleas Court entered the original Order of Support in this case, on November 7, 1969. We are of the opinion that under the circumstances, Montgomery County has continuing jurisdiction and the court erred in refusing to decide the petitions brought below, on the merits.

The lower court relied too heavily on the fact that the son had reached 18 years of age. We think in the context of the *"Support Law"*, supra, age should not be completely determinative of whether a person should bring his own action. This case involves a college student still residing at home who was still provided care and lodging by his mother and presumably still under his mother's control.

Support orders are in the nature of a continuing action. They are subject to modification whenever conditions change. Here the father had provided support to the wife for their son until his 18th birthday. Now there is a question as to whether he (the father) should provide further support while the son attends college.

Logically, we think the hearing should be in Montgomery County where the original support order was entered and where the mother filed her petition. To require the son to initiate his own action for support, as the result of attaining his 18th birthday, is not rational, especially in view of the fact that the support order promulgated by the Montgomery County Court was still in effect.

We therefore reverse the orders of the lower court and remand for a hearing on the issue of whether the father is

1. Now found in 42 Pa.C.S. § 6710, the "Judicial Code".

financially able to contribute to the support of his son during the period the son is attending college.

SPAETH, J., concurs in the result.

PRICE, J., files a dissenting statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

I would affirm on the opinion of the lower court.