## Children and Youth Services, Inc.
## v. Roman

*James A. Kudasik,* for defendant.

SHAULIS, *J.,* December 13, 1979—The ultimate questions for consideration in this case are these: (1) Is a child over 18 entitled to support from her father, and (2) May Children and Youth Services, Inc. file the complaint for support as the plaintiff. Both questions should be decided in the affirmative.

### DISCUSSION

The purpose of a support order is to provide an allowance which is reasonable and proper for the support and maintenance of the child: Com. ex rel.

Milne v. Milne, 150 Pa. Superior Ct. 606, 29 A. 2d 228 (1942). Support thus implies a need and a dependency, and an order for support will be entered only if there is need: Com. ex rel. Schlesinger v. Schlesinger, 231 Pa. Superior Ct. 284, 331 A. 2d 694 (1974).

In this case, the person for whom court ordered support is being sought is Janice Roman. Defendant in this action is her father, John Roman. As a general rule, a parent must support his or her child. It is clear that orders of support are not final and may be increased or decreased where the financial condition of the parties change or where other proper reasons appear: Bell v. Bell, 228 Pa. Superior Ct. 280, 323 A. 2d 267 (1974).

The support complaint in this case was filed on February 20, 1979; on March 20, 1979, this court ordered defendant to pay $140 per month for one child, Janice Roman. At that time, Janice Roman was 17 years old. The complaint had been filed by Children and Youth Services, Inc. which has custody of the girl as a result of an earlier court order. There is no dispute that the procedure then followed was correct. What is disputed is whether the fact that Janice has reached the age of majority, 18 years, now (1) dispenses with defendant's obligation of support and (2) prohibits Children and Youth Services, Inc. from filing and pursuing the support complaint.

If it is defendant/petitioner's position that the mere fact that Janice Roman has turned 18 releases him from any further support obligation to her, then he is in error. When a child attains majority, the presumption arises that the reciprocal duties between father and child are at an end, and it is then incumbent upon the child to rebut the presumption: Com. ex rel. Schulberg v. Hirsch, 236

Pa. Superior Ct. 179, 182, 344 A. 2d 530 (1975); Com. ex rel. Welsh v. Welsh, 222 Pa. Superior Ct. 585, 296 A. 2d 891 (1972).

"Ordinarily, a parent is not required to support his adult child but there is a well recognized exception supported by abundant authority that where such child is too feeble physically or mentally to support itself the duty on the parent continues after the child has attained its majority. . . . The presumption undoubtedly is that when the child comes of age, the reciprocal duties between father and child are at an end, but such presumption is overcome where conditions show that either party is incapable of self-support." Com. ex rel. O'Malley v. O'Malley, 105 Pa. Superior Ct. 232, 234, 161 Atl. 883 (1932); Colantoni v. Colantoni, 220 Pa. Superior Ct. 46, 50, 281 A. 2d 662 (1971).

Therefore, the correct rule of law governing this aspect of the present case is that Janice Roman is no longer presumed to be entitled to support, but upon a showing, by the party seeking support, of special conditions and circumstances necessitating continued support, defendant/petitioner may be ordered to do so.

In this case it appears that the child, although 18, is still in high school and in the custody of Children and Youth Services, Inc. Under these circumstances alone, it is difficult to accept the premise that Janice Roman no longer has a need and dependency of support from her father. Additionally, it would be proper to take into consideration any physical or emotional disabilities that the girl may have.

It should be noted that this case is not a situation where an adult/child is seeking the assistance of a parent to further educational goals through college and beyond. For under those circumstances, it has been stated that:

"The law is now settled that, in the absence of an agreement, a father has no duty to aid in providing a college education for his child, no matter how deserving the child may be, unless the father has sufficient estate, earning capacity or income to enable him to do so without undue hardship." Com. ex rel. Yannacone v. Yannacone, 214 Pa. Superior Ct. 244, 246, 251 A. 2d 694 (1969). Under the facts and circumstances of this case, defendant may be found to have a continuing obligation to support his adult daughter.

It is additionally contended that Children and Youth Services, Inc. is not the proper party to be seeking the support from John Roman for his daughter, Janice. It is petitioner's position that since Janice Roman is no longer a minor that she must seek the support in her own name. There is some authority to support this position, but there is other, more clear language that rebukes it.

The commencement of support actions in Pennsylvania is governed by section 6704 of the Judicial Code, 42 Pa.C.S.A. §6704. Subsection (b) of section 6704 provides: "(b) Moving party.—A complaint may be filed by any person, including a minor spouse, to whom a duty of support is owing. It shall be filed on behalf of a minor child by a person having custody of the minor, without appointment as guardian ad litem."

The Pennsylvania Superior Court, *in dicta,* supported defendant/petitioner's interpretation of the above statutory language. They agreed that the adult/child was the real party in interest and therefore should have been the plaintiff: Com. ex rel. Schulberg v. Hirsch, supra, at 183. (There the request for support had been initiated by the child's mother.)

There is, however, an additional sentence that is

included with section 6704(b). That portion provides as follows: "It may be filed by any public body or public or private agency having any interest in the care, maintenance or assistance of any person to whom a duty of support is owing." 42 Pa.C.S.A. §6704(b).

There does not seem to be case law interpreting this section. Perhaps it is because the section does not appear to require much interpretation. In the present case, it is clear that Children and Youth Services, Inc. has a continuing interest in the care, maintenance or assistance of Janice Roman. They have been given custody of her by a court order. They have made arrangements to place her in a foster home and they apparently are providing a substantial amount of her support.

The girl is still in high school and she should be given opportunity to complete her basic education.

There is an additional aspect of this case that should be considered regarding the question of whether Janice Roman must commence a support action in her own behalf. Prior to her attaining the age of 18, Janice Roman had been benefiting from support payments from her father pursuant to an order of this court. Therefore, the court had obtained continuing jurisdiction of the matter of support payment from John Roman for Janice Roman.

"The court making the order shall at all times maintain jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order, without limiting the right of a complainant to institute additional proceedings for support in any county wherein the defendant resides or where his property is situated." 42 Pa.C.S.A. §6710.

In Com. ex rel. Kessler v. Kessler, 260 Pa. Superior Ct. 169, 393 A. 2d 1205 (1978), the court was concerned with an appeal from a Montgomery County case in which the judge had dismissed the mother's petition to increase support payments for her 18 year old son and granted the father's petition to vacate a prior support order. The Superior Court reversed and remanded, holding that in the context of the Support Law, age of the child should not be completely determinative of whether a person should bring his own support action.

The lower court has reasoned that since the son was now an adult, the mother had no standing to seek support for him and that the son should initiate his own petition. The Superior Court rejected that analysis, and with reference to 42 Pa.C.S.A. §6710 set forth above, concluded that the lower court already had jurisdiction of the matter and that it had erred in refusing to decide the petitions brought below, on the merits. Id. at 1206.

"Support orders are in the nature of a continuing action. They are subject to modification whenever conditions change. Here the father had provided support to the wife for their son until his 18th birthday. Now there is a question as to whether he (the father) should provide further support . . .

". . .

"To require the son to initiate his own action for support, as the result of his attaining his 18th birthday, is not rational, especially in view of the fact that the [first] support order . . . [is] still in effect." Id. at 1206.

Accordingly, in view of the fact that (1) a prior support order is still in effect (2) the child is still in high school, and (3) Children and Youth Services,

Inc. has a continuing interest in her support and maintenance, the petition to vacate the order of support must be dismissed.

## ORDER

Now, December 13, 1979, the petition for review is dismissed, the support order and wage attachment are confirmed.