450 A.2d 1386

**Adam Lawrence GIVENS, Mark Patrick Givens, Suzanne R. Givens, Appellants**

v.

**Austin GIVENS.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1981.

Filed Oct. 1, 1982.

Timothy G. Wojton, Pittsburgh, for appellants.

No appearance entered nor briefs submitted on behalf of appellees.

Before BECK, JOHNSON and POPOVICH, JJ.

BECK, Judge:

■ This is an appeal from an Order of the Court of Common Pleas of Allegheny County, Family Division, denying appellant Suzanne Russell Givens' Motion to Appoint Guardian Ad Litem for her co-plaintiff son Adam Lawrence Givens, age 16, in this support action.[1] The appellant mother made this motion pursuant to Pennsylvania Rule of Civil Procedure No. 2031, which governs the appointment of guardians ad litem for minor parties for actions in law or equity.[2] Because we hold that the order denying this appellant's Motion to Appoint Guardian Ad Litem was not a final, appealable order, we quash this appeal. Although no parties have questioned the authority of this Court to review the lower court order, this Court may raise the issue of appealability *sua sponte*. *Jones v. Crossgates, Inc.*, 220 Pa.Super. 427, 289 A.2d 491 (1972).[3]

1. Appellant's motion is entitled "Motion to Grant Hearing Slection [sic] and Appointment of Guardians Rule CRP 2031."

2. A guardian ad litem appointed under Pa.R.C.P. No. 2031 is a person "representing the interest of a minor in . . . [the] action," Pa.R.C.P. No. 2026, with the power to "supervise and control the conduct of the action in behalf of the minor." Pa.R.C.P. No. 2027. Pa.R.C.P. No. 2031 provides as follows for the appointment of such guardians:" (b) If a minor party to an action is not represented, the court shall appoint a guardian for him either upon its own motion or upon the petition of (1) the minor party, (2) a guardian of the minor appointed by any court of competent jurisdiction, or by a will duly probated, (3) any relative of the minor, or (4) any other party to the action . . . ."

3. In the instant case, we hold only that an order denying a motion to appoint a *guardian ad litem* for a minor party is not final. We are not here concerned with whether a court's refusal to appoint a

On January 27, 1981, appellant Suzanne R. Givens filed pro se a Petition to Reduce [Support] Arrearages to Judgment" (hereafter "Support Arrearage Petition"). The Support Arrearage Petition was captioned, "Adam L. Givens, Mark P. Givens, Suzanne R. Givens, Plaintiffs v. Austin Givens, Defendant."[4]  Contending that appellee had made no support payments to them since May 1979, petitioners sought to enforce an alleged support order requiring defendant to pay them $350.00 per month.  On January 29, 1981, a hearing on the Support Arrearage Petition was held.  The lower court did not reach the merits of the petitioners' Support Arrearage Petition because no existing support order could be found in the record.  The guardian ad litem issue presently before this Court arose at that hearing.  At that abortive hearing, Timothy G. Wojton, the attorney for the appellant mother Suzanne R. Givens, informed the Court that he was "representing ... [the mother] in the court order for her children." (N.T. 1/29/81, 68).  It is not exactly clear why, but appellee's counsel objected, stating that no guardian ad litem had been appointed for the children in any Domestic Relations Division case involving the parties. (N.T. 1/29/81, 67).  Next, Mr. Wojton asked the court to appoint him as guardian ad litem for Adam and Mark Givens. (N.T. 1/29/81, 69).  The court refrained from considering this oral motion because "there ... [was] nothing before the [c]ourt yet on that subject," (N.T. 1/29/81, 72) and continued the proceedings until March 16, 1981, when the Support Arrearage Petition was to be heard on the merits.

testamentary guardian for a minor should be considered a final, appealable order.  See Senseman's Appeal, 21 Pa. 331 (1853).

4.  For the purposes of this appeal, we assume without deciding that there was an original support order at the specific term and number at which appellants' Support Arrearage Petition was filed.  We further assume without deciding that at the time of the filing of the Support Arrearage Petition, the minors Mark and Adam were named plaintiffs in that action.  We recognize that such information is normally clear from the record itself, but in this case, our review has been hampered by the fact that considerable portions of the record apparently no longer exist.

Into this already confused picture the appellant mother, acting pro·se, on February 4, 1981, presented the Motion to Appoint Guardian Ad Litem to the trial judge. The Motion alleged that the appellant mother's son Adam, age 16, was "under decisive legal disability" and requested the court to grant a hearing on whether the attorney Mr. Wojton should be appointed his Guardian Ad Litem. The trial court denied this Motion to Appoint Guardian Ad Litem, without notice and hearing to the minor or to any other designated person.[5] Hence, this appeal.

In considering the instant case, we are mindful that in all proceedings in law or equity, the law aims to dispose of litigation by a single appeal, and preliminary orders are not generally appealable in advance of a final judgment. *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978).[6] It is well settled that an order is final when it determines the whole action, ends the litigation, and precludes appellant from further action in the court issuing the order. *In the Interest of C.A.M.,* 264 Pa.Super. 300, 399 A.2d 786 (1979); *Alessandro v. State Farm Mut. Ins. Co.,* 487 Pa. 274, 409 A.2d 347 (1979). By this standard, the lower court order denying the appellant mother's Motion to Appoint Guardian Ad Litem was clearly not final. Such order in no way prevents the mother from continuing to pursue the support action.[7] When a final

5. Pa.R.C.P. § 2031(e) states: "When the petition [to appoint guardian ad litem] is filed by a person other than the minor, the court shall direct a rule to be served upon the minor or upon such other person as the court may designate to show cause why the prayer of the petition should not be granted."

6. An order denying a Pa.R.C.P. No. 2031 motion for the appointment of a guardian ad litem for a minor party does not fall within any of the exceptions enumerated in Rules 311(a–c) of the Pennsylvania Rules ·of Appellate Procedure, Pa.R.App.P. Nos. 311(a), 311(b), 311(c).

7. The Pennsylvania Rules of Civil Procedure contain special provisions outlining procedures by which certain unrepresented minor plaintiffs and defendants may obtain post judgment relief at the trial court level, without invoking an appellate court. Pa.R.C.P. No. 2035, relating to minor plaintiffs, states: "The non-representation of a minor plaintiff may not be assigned by a defendant as a ground for a non-suit, directed verdict, or judgment n.o.v., but may be assigned by

judgment has been rendered on that action in the lower court, she will then have the opportunity to raise on appeal the issue whether the lower court acted properly in denying her Motion to Appoint Guardian Ad Litem.[8]

This appeal is accordingly quashed.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County, Family Division, denying appellant Suzanne Russell Givens' request for a hearing, selection and appointment of a guardian pursuant to Pa.R.Civ.P. 2031.[1]

the minor plaintiff as ground for a new trial when a setoff or counterclaim has been successfully asserted against the minor plaintiff." Pa.R.C.P. No. 2034(d), relating to minor defendants, states: "If, after the conclusion of the trial, or after the entry of a finding, verdict or judgment against a minor, application is made for the appointment of a guardian for a minor party against whom any relief is sought, the court shall, in either case, forthwith appoint a guardian for such minor, and may vacate the finding, verdict or judgment and may enter an order in the nature of a procedendo."

8. We note that it has been held that an appeal from an order overruling a defendant's preliminary objections, alleging plaintiff's failure to join an indispensable party is interlocutory. *DeAngelis v. Laughlin,* 436 Pa. 75, 258 A.2d 615 (1969) (Roberts, Pomeroy, JJ., concurring). By the same token, the order at issue here, which might result in the minor's interests being less than fully protected, should not be considered final.

1. **Rule 2031. Selection and Appointment of Guardians**

(a) A minor plaintiff may select his guardian, but such selection shall not bar the court from removing the guardian for cause in accordance with these rules.

(b) If a minor party to an action is not represented, the court shall appoint a guardian for him either upon its own motion or upon petition of (1) the minor party, (2) a guardian of the minor appointed by any court of competent jurisdiction, or by a will duly probated, (3) any relative of the minor, or (4) any other party to the action.

(c) The petition shall state the name and address of the person proposed as guardian, and his relationship, if any, to the subject matter of the action or to any of the parties thereto. In case the person proposed as guardian is a guardian appointed by any court of competent jurisdiction or by a will duly probated, the petition shall contain a reference to the record of such appointment.

I cannot agree with the Majority's view to eschew jurisdiction over the case at bar; therefore, I dissent.

The factual matrix surrounding the instant litigation began to unfold with the scheduling of a hearing on January 29, 1981, on appellant's "Petition to Reduce Arrearages to Judgment" (Petition). The hearing judge noted that: "[t]he issues to be heard shall be limited to questions relating to the duty of . . . Austin L. Givens[ ] to make payment to . . . Suzanne W. Russell[ ] for Support of the parties' sons. (Record No. 42)

At the January 29th hearing, the lower court discovered that the record was devoid of any evidence of a support order. (N.T. 1/29/81, at 71) Since neither party had possession of nor access to a copy of such document, the lower court declined to hear any testimony regarding appellant's Petition until it was satisfied that, in fact, "there was a support order[,]" and "where and at what number and term the original support order was filed . . . ." *Id.* at 23, 26–27. Toward this end, the court directed that all parties engage in whatever discovery was necessary to locate the instrument so that the court could proceed at the correct number and term. All parties agreed to do so.

Before the hearing came to a close, appellant's counsel made it clear that in the context of seeking enforcement of the support payments, he was "representing [appellant] in the court order for her children." (N.T. 1/29/81, at 68) Appellee's counsel objected on the basis that he was aware of no guardian *ad litem* being so designated. When appellant's counsel countered with an *oral* request to have himself appointed in such capacity, the court refrained from considering the guardian *ad litem* question because "there [was] nothing before the [c]ourt yet on that subject." (N.T. 1/29/81, at 72) In other words, the court required that a

(d) When the petition is filed by the minor the court may make the appointment ex parte.

(e) When the petition is filed by a person other than the minor, the court shall direct a rule to be served upon the minor or upon such other person as the court may designate to show cause why the prayer of the petition should not be granted.

petition be submitted requesting the appointment of a guardian *ad litem,* and, until such was complied with, no ruling on the question would be made. The court also directed that the proceedings be continued until March 16, 1981, at which time "the limited issue of [appellant's] entitlement to support payments for the support of the parties['] sons" would be heard. (Record No. 48)

In the interim, i.e., on February 4, 1981, appellant, acting *pro se,* presented a *"Motion to Grant Hearing Selection [sic] and Appointment of Guardians Rule CRP 3021"* (Motion) in open court. The Motion set forth the following:

"1. That on November 14, 1980 the Honorable Bernard McGowan appointed the Natural Mother, Suzanne Russell Givens, as Guardian Ad Litem to represent minor sons. (Copy of order attached)

2. That eldest son, Adam Lawrence, age 16, is under decisive legal disability, and has become the victim of designing persons.

3. That the eldest sons [sic] rights are prejudiced by this ommission, [sic] and that to the best of the Natural Mother's information and belief has no guardian.

4. That Timothy G. Wojton, . . ., Attorney at Law, made an oral proposal in court on January 27th, [sic—29th], 1981 that he be permitted to act as Guardian Ad Litem for said minor.

5. . WHEREFORE, the Natural Mother, as appointed 'Guardian Ad Litem' under definition of Rule 75 requests this Honorable Court to grant a hearing for the appointment of Timothy G. Wojton."

The court, after reviewing the Motion, denied appellant's request for a hearing. This appeal followed.

Unlike the Majority, I find the order appealed from to be final, and do so based on the case of *Senseman's Appeal,* 21 Pa. 331 (1853), which, albeit not a mirror image of the instant litigation, is helpful in resolving the finality question. In *Senseman,* the uncle of two minor children had the executor of the estate of which the minors were beneficiaries assigned as their guardian. The appellant, the minors'

father, objected and requested that he be appointed instead. The lower court denied the request, and the father took an appeal. The Supreme Court reversed the lower court's ruling, and, in so doing, held:

"The appointment of a guardian is a *final decision* upon the right to care and control of the person of the minor, or to the possession and management of its estate, or both, as the case may be. It is not an interlocutory order, but a 'definitive order,' from which an appeal lies to this Court." (Emphasis in original) *Id.* at 334.

Instantly, as in *Senseman,* we are dealing with "the right to care and control of the person of a minor," and an appeal from the trial court's refusal to appoint a specific individual as guardian for said minor. Thus, I find *Senseman* apposite to the case at bar so as to give this Court jurisdiction to examine the issue raised. *Cf. In re Katic,* 294 Pa.Super. 347, 439 A.2d 1235 (1982) (appellate court reviewed an appeal from an order "appointing a guardian for a minor alleged to be incompetent[, s]ince the order was entered *ex parte* and without notice or hearing[.]"). Consequently, having concluded that the order appealed from is final, I would reach the merits of the case.

The standard of review in appointment of guardian cases was delineated by our Supreme Court in *In re Estate of Morrissey,* 440 Pa. 439, 269 A.2d 662 (1970), where it was stated:

"The discretion of a court in the appointment or non-appointment of a guardian will not be disturbed on appeal in the absence of an abuse of discretion or an error of law. *Cf. McCann's Appeal,* 49 Pa. 304, 309 (1865); *Gray's Appeal,* [96 Pa. 243 (1880)]." *Id.,* 440 Pa. at 446, 269 A.2d at 666. *Accord Appeal of Pote,* 106 Pa. 574 (1884); *Hornsey Will,* Pa.Fiduc.Rpt.2d 149, 151 (Montg., 1981).[2]

2. If the order denying the appointment of a guardian were considered interlocutory we would never reach the question of whether the trial court abused its discretion in issuing such order. In other words, the nature of the order entered would preclude examination of the merits of the case. Therefore, the existence of a standard of review in such

An examination of the facts in the case at bar discloses that the lower court's denial of appellant's Petition was premised on The Act of April 28, 1978, P.L. 202, No. 53, § 10(88), *as amended* 42 Pa.C.S.A. § 6704(b) (Pamphlet, 1981), which provides in pertinent part:

"**(b) Moving party.**—A complaint may be filed by any person, including a minor spouse, to whom a duty of support is owing. It shall be filed on behalf of a minor child by a person having custody of the minor, without appointment as guardian ad litem...."

Based on the aforesaid, the lower court went on to hold: "To the extent that petitioner, here, has any standing to raise a claim for the support of the two minor children, she must be 'a person having custody of the minor[s]', and she must maintain the action without appointment of a guardian *ad litem.*"[3] (Lower Court Opinion at 2–3) *See* 42 Pa.C.S.A. §§ 6704(b) and 6708(a) (Pamphlet, 1981); *see also Commonwealth ex rel. Kessler v. Kessler,* 260 Pa.Super. 169, 393 A.2d 1205 (1978) (custodial parent had standing to seek support for 18-year-old dependent child); *Children & Youth Services, Inc. v. Roman,* 13 Pa.D. & C.3d 594 (Somerset, 1979) (agency having custody of a child over 18 may file complaint for support); *Bruce v. Froeb,* 15 Ariz.App. 306, 488 P.2d 662 (1971); 24 Am.Jur.2d, Divorce and Separation, § 272 and § 866, at 986 (1966).

Instantly, the persons for whom a court order reducing arrearages to judgment was being sought were Adam and Mark Givens. The defendant in the action was their father, Austin Givens. As a general rule, a parent must support his or her child. It is clear that orders of support are not final and may be increased or decreased where the financial condition of the parties change or where other proper rea-

situation lends support to the proposition that the order appealed from is a final one.

**3.** For clarification purposes, we note that appellant is seeking only to have a guardian *ad litem* appointed for her son Adam, since, as she averred below, "the court appointed an attorney for youngest [sic] son, Mark Patrick; therefore his rights are not prejudiced." (*See* Appellant's "Matters Complained Of On Appeal," Point 5)

sons appear. *Commonwealth ex rel. Magaziner v. Magaziner,* 276 Pa.Super. 169, 419 A.2d 149 (1980). Furthermore, as was stated by this Court in *Commonwealth v. Bishop,* 185 Pa.Super. 362, 137 A.2d 822 (1958):

> "A father who is willing to take his children and properly care for and maintain them is, ordinarily, entitled to their custody and *should not be compelled to pay another for their support.* However, the burden rests with one making this defense to satisfy the court that the offer is made in good faith and would be for the best interest of his children. *But a custody order cannot be construed as a magic wand to ward off responsibility for support regardless of the circumstances.*
>
>   *   *   *   *   *   *
>
> The duty is upon the father to support his child.
>
>   *   *   *   *   *   *
>
> Even though custody has been awarded to him, if such children are compelled to leave his home or live apart from him because of his misconduct or wrongdoing, the father remains liable for support during their absence from his home." (Emphasis added) (Citations omitted) *Id.,* 185 Pa.Superior Ct. at 366, 137 A.2d at 824.

Applying the aforementioned precepts to the case at bar, a review of the record reveals that on April 30, 1979, the lower court, per Judge Brosky (now a member of the Superior Court), entered an order awarding custody of the children to the appellee.[4] Thereafter, appellant only relinquished custody of her older son, Adam. Appellee, in turn, sought to have appellant held in contempt for not complying fully with the custody order and discontinued payment of child support.

Next, we observe that the decree of the court granting (de jure) custody of the children to the appellee had the effect of completely divesting the appellant of all right to the control over the children, *see* 27B C.J.S. Divorce § 316. Albeit the appellee only obtained actual (de facto) *custody* of

4. Appellant filed exceptions to said order, which were dismissed after oral arguments by the court on November 16, 1979.

only one of his sons, i.e., Adam, the fact that appellant sought to have a guardian appointed for him alone, renders specious the lower court's argument that Section 6704(b) was applicable to the case. In other words, subsection (b) of Section 6704 dispenses with the need for the appointment of a guardian *ad litem* for a minor in support matters when the complainant has "custody of the minor," and since Adam was being cared for and maintained by the appellee, he could not have been in appellant's custody so as to trigger the implementation of the particular provision.

However, this does not mean that a guardian should have been appointed, for "[e]xtreme care should always be exercised to avoid unnecessary appointments." *In re Kenna's Estate,* 348 Pa. 214, 219, 34 A.2d 617, 619 (1943). The record discloses the entry of a court order dated November 14, 1980, naming appellant "as the guardian ad litem for Adam Lawrence Givens and Mark Patrick Givens." [5] Thus, inasmuch as there already was a lawfully appointed and duly qualified guardian *ad litem,* it would have been improper to have appointed another. *See In re Kenna's Estate, supra.*

Additionally, I find no evidence to indicate that the appellant has any interests adverse to those of her children in seeking to have the arrearages for support reduced to judgment; therefore, for the reasons set forth herein, although different from those advanced by the court below,[6] I find no

---

**5.** The entire order reads:
>"IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA, CIVIL DIVISION
>This Court does hereby appoint this *14th* day of November, 1980, Suzanne Givens as the guardian ad litem for Adam Lawrence Givens and Mark Patrick Givens. ~~This appointment is made because the two minor sons are under decisive legal disability.~~
>                                                      /s/ McGowan J.
>                                                      By the Court J."

(Interlineations in original)

**6.** Reviewing court may affirm if any ground for affirmance exists, though not employing the same rationale as employed by the lower court. *Sones v. Aetna Casualty and Surety Co.,* 270 Pa.Super. 330, 411 A.2d 552 (1979). *Accord E.J. McAleer & Co., Inc. v. Iceland Products, Inc.,* 475 Pa. 610, 381 A.2d 441 (1977); *Mazer v. Williams Bros. Co.,* 461 Pa. 587, 337 A.2d 559 (1975); *Taub v. Merriam,* 251

582

abuse of discretion on the part of the lower court in denying appellant's Petition. *See In re Estate of Morrissey, supra.* Consequently, the Order entered should be affirmed. Since the Majority's decision is to the contrary, I respectfully dissent.

Pa.Super. 572, 380 A.2d 1245 (1977); *Trawick v. Nationwide Mutual Insurance Co.,* 242 Pa.Super. 271, 363 A.2d 1265 (1976).