J-A11016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.M.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.F. | : | |
| | : | |
| Appellant | : | No. 1678 MDA 2018 |

Appeal from the Order Entered September 7, 2018
In the Court of Common Pleas of Wyoming County Civil Division at
No(s):  2016-CV-1336

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 31, 2019**

Appellant, J.F. (hereinafter "Mother"), appeals from the order entered on September 7, 2018, granting J.M.L. (hereinafter "Father") primary physical custody of the parties' two minor children with periods of partial custody to Mother.  Upon review, we affirm.

We briefly set forth the procedural history of this case as follows.  By prior order entered on June 22, 2017, the trial court awarded the parties shared physical custody of their two male children, L.L. (born March, 2013) and T.L. (born February, 2015).  Thereafter, the trial court held five hearings from June 22, 2017 through August 14, 2018, wherein both parties sought modification of the custody arrangement.  During the pendency of the custody dispute, Mother also filed a petition to appoint a guardian *ad litem* for the children.  The trial court heard argument regarding Mother's guardian *ad litem* request and denied relief by order entered on April 5, 2018.   On September

7, 2018, the trial court granted Father primary physical custody of the parties'

two minor children with periods of partial custody to Mother. This timely

appeal resulted.[1]

On appeal, Appellant presents the following issues[2] for our review:

1. Did the trial court abuse its discretion or commit an error of law, in denying [] Appellant['s] [p]etition for the [a]ppointment of a [g]uardian *a*]*d* [*l*]*item*?

2. Did the trial court abuse its discretion or commit an error of law in its September 7, 2018 [o]rder in that it modified the existing joint physical custody of the parties' minor children and instead awarded, granted, and ordered primary physical custody of the parties' minor children to Father[]?

3. Did the trial court abuse its discretion or commit an error of law, based upon the testimony of record below, in limiting Appellant['s] physical custody of her minor children without

---

[1] On appeal, Appellant challenges both the order denying relief on her petition for the appointment of a guardian *ad litem* and the order modifying custody. Both challenges are properly before this Court. We previously held that an order denying a motion to appoint a guardian *ad litem* is not appealable until a final judgment is rendered in a custody action. **See Givens v. Givens**, 450 A.2d 1386 (Pa. Super. 1982). The custody order was entered on September 7, 2018. Appellant filed a notice of appeal and corresponding concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(a)(2) on October 9, 2018. The appeal was timely because the last day of the 30-day appeal period fell on a Sunday and the following Monday was a federal holiday, Columbus Day. Thus, when Appellant filed her notice of appeal on the next available day, Tuesday, October 9, 2018, it was considered timely. **See** Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); **see also** 1 Pa.C.S.A. § 1908 ("Whenever computing time the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 8, 2018.

[2] We have reordered Appellant's issues for ease of disposition.

any evidence or testimony that [Appellant's] time with her minor children should be restricted or unequal to that of [] Father?

4. Did the trial court abuse its discretion or commit an error of law, based upon the testimony of record below, in failing to follow the mandates of 23 Pa.C.S.[A.] §5328(a)(1)-(16) that the [c]ourt must consider which party is more likely to attend to the daily physical, emotional, developmental, and special needs of the children? Did the [trial] [c]ourt err in not considering which parent has the most flexible schedule and would be best able to provide transportation and support to the children in attending school and other activities and therefore erred in failing to find in favor of [] Appellant []?

5. Were the trial court's conclusions unreasonable as shown by the evidence of record?

6. Did the trial court abuse its discretion or commit an error of law by failing to enter a custody order that is in the best interests of the children?

7. Did [] Father fail to meet his burden of proof?

8. Did the trial [c]ourt err in failing to address certain issues and concerns raised by the parties and/or was the [trial] [c]ourt's [o]rder insufficiently specific?

Appellant's Brief at 4-5 (suggested answers omitted).

Although Mother presents eight issues in her statement of questions presented section of her appellate brief, we discern two distinct claims. First, we will examine Appellant's contention that the trial court erred by failing to appoint a guardian *ad litem* for the children. Then, we will review Appellant's argument that the trial court abused its discretion or erred as a matter of law in awarding Father primary physical custody of the children and by entering an ambiguous order which failed to set forth specifics regarding times for

picking up the children from school, their summer vacation schedule, or Mother's request for summer camp for the children.

First, Appellant argues that the trial court

committed an error of law and abused its discretion in denying [her] petition for the appointment of a guardian *ad litem* for the children when there was evidence that [] Father used corporal punishment upon the older minor child and it was a factor the [c]ourt should have considered, since it affected the safety of the child.

Appellant's Brief at 20. Appellant "felt a [guardian *ad litem*] was necessary in the best interests and welfare of the minor children, so they would have a voice in the proceedings." *Id.* at 7. Additionally, without citation to legal authority, Appellant contends that the failure to appoint a guardian *ad litem* was compounded by the trial court's failure to interview the children *in camera* before issuing its rulings. *Id.*

In reviewing a custody order, our scope and standard of review are well established:

We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

*C.A.J. v. D.S.M.*, 136 A.3d 504, 506 (Pa. Super. 2016) (citation omitted). "If a trial court, in reaching its conclusion, overrides or misapplies the law or

exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record, then discretion is abused." ***Yates v. Yates***, 963 A.2d 535, 539 (Pa. Super. 2008).

This Court has previously determined:

[A] guardian *ad litem* is not normally appointed in custody cases involving natural parents. A guardian *ad litem* is a person appointed by the court to represent a minor child's interest in particular litigation before the court. The appointment of a guardian *ad litem* is generally reserved for those actions where the trial court deems it necessary because the child's interest may be adversely effected, *e.g.*, adoptions. However, in custody cases involving natural parents, despite the bitterness of each party towards each other, both parties are focused on the best interests of the child. Moreover, in a custody case, the trial court is obliged to ascertain the child's best interest. Since both parties and the trial court are focused on the child's best interests, it appears that the appointment of a guardian *ad litem* would not be proper absent extraordinary circumstances, and we note that bitterness between the parties ordinarily does not rise to the level of extraordinary circumstances needed for an appointment of a guardian *ad litem*.

***C.W. v. K.A.W.***, 774 A.2d 745, 748 n.3 (Pa. Super. 2001) (internal citations omitted).

Moreover,

[w]e have held that a child's preference is a factor to be considered in awarding custody, but the weight to be accorded to this preference will vary according to the age, intelligence, and maturity of the child.

***Sipe v. Shaffer***, 396 A.2d 1359, 1363 (Pa. Super. 1979) (citation omitted).

The ***Sipe*** Court ultimately determined that it was not an abuse of discretion

- 5 -

to deny an *in camera* interview of children who were six-years-old, and younger, at the time of the custody dispute. *Id.*

Initially we note that on August 14, 2018, the date of the last hearing in this matter, the parties' elder child was five-years-old and their younger child was three-years-old. As such, we see no error in failing to conduct an *in camera* interview of the children. Moreover, the children had the benefit of both parents and the trial court advocating for their best interest. Appellant has not demonstrated extraordinary circumstances warranting the appointment of a guardian *ad litem*. Hence, we discern no abuse of discretion or error of law in denying Mother's request.

The remainder of Appellant's issues challenge the trial court's award of primary physical custody of the children to Father. Appellant argues that the trial court "ignored factors that would support [her] case for primary physical custody [and, i]n doing so, it ignored the best interests of the children." Appellant's Brief at 24. Appellant argues that Father drinks alcohol, has moved his household numerous times, keeps firearms and ammunition in his home, subscribes to corporal punishment, and allows the children to spend too many overnight visits with paternal grandparents. *Id.* at 8-10 and 25. Appellant also argues that the trial court substituted its judgment for hers when it gave Father primary physical custody of the children because Appellant enrolled the children at the Bear Creek Charter School in Luzerne County. *Id.* at 26. Finally, Appellant claims that the custody order is

insufficiently specific regarding school pick-up times and the children's summer schedules. *Id.* at 30-31.

Regarding custody:

Section 5328 [of the Custody Act] provides an enumerated list of sixteen factors a trial court *must* consider in determining the best interests of the child ... when awarding any form of custody:

§ 5328. Factors to consider when awarding custody

(a) Factors.—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1)     Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2)     The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3)     The parental duties performed by each party on behalf of the child.

(4)     The need for stability and continuity in the child's education, family life and community life.

(5)     The availability of extended family.

(6)     The child's sibling relationships.

(7)     The well-reasoned preference of the child, based on the child's maturity and judgment.

(8)     The attempts of a parent to turn the child against the other parent, except in cases of

domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9)     Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10)    Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11)    The proximity of the residences of the parties.

(12)    Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13)    The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14)    The history of drug or alcohol abuse of a party or member of a party's household.

(15)    The mental and physical condition of a party or member of a party's household.

(16)    Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

*          *          *

The Act requires a court to consider all of the § 5328(a) best interest factors when ordering any form of custody. Sections 5323(a) and (d) reinforce this mandate by requiring a court to delineate the reasons for its decision when making an award of custody either on the record or in a written opinion. Mere recitation of the statute and consideration of the § 5328(a) factors *en masse* is insufficient. A trial court's failure to place its reasoning

regarding the § 5328(a) factors on the record or in a written opinion is an error of law.

*C.A.J. v. D.S.M.*, 136 A.3d 504, 509–510 (Pa. Super. 2016) (case citation omitted).

Here, the trial court set forth each of the sixteen custody factors in its written opinion and provided a detailed analysis of how each factor impacted its custody determination. While Appellant asks this Court to reweigh the factors at issue, we cannot. Furthermore, while Appellant believes certain factors weigh in her favor, she fails to appreciate that the trial court also determined: (1) Appellant disparages Father on social media, incites arguments, and, in front of the children, says she wishes he would be killed; (2) Appellant enrolled one of the children in a charter school without Father's consultation and against the instruction of the trial court to wait until a decision was rendered regarding custody modification; (3) Appellant publicly expresses her interests in sadomasochism, bondage, and sexual fetishes on the internet; and, (4) there were safety concerns[3] in Mother's residence. Trial Court Opinion, 11/8/2018, at 6-14. The trial court also addressed Appellant's concern that Father changed households frequently and that the children

---

[3] The trial court noted that Mother's residence was unsafe for the following reasons. While in Appellant's care, the parties' older son burned his arm on an uncovered radiator, which required ten days of hospitalization and skin graft surgeries. Trial Court Opinion, 11/8/2018, at 4. Drugs were allegedly sold in the third floor apartment in Appellant's building and a stabbing occurred there. *Id.* at 12. Mother's home had holes near the top of the building and a raccoon entered a spare bedroom. *Id.* at 13. Moreover, Appellant's "bedroom [] had a peg board hanging on the wall, which housed knives, axes, arrows, and a riding crop and a whip[,] in reach of the children." *Id.*

- 9 -

spent too many overnight visits at the paternal grandparents' home. The trial court noted that Father was remodeling a home to be closer to his parents and that the children stayed with them during periods of construction. *Id.* at 14.

Based upon our review of the record, it is clear that the trial court considered all of the statutorily mandated factors in making its in depth decision to modify custody and award Father primary physical custody. Finally, we disagree that certain aspects of the custody order were ambiguous. In its order, the trial court carefully delineated that Appellant was to pick the children up at the end of the school day on Friday and return them to school on Monday morning. Appellant also received custody for one consecutive week of vacation each summer, with 60 days of advance notice to Father. Accordingly, we discern no error of law or abuse of discretion in the trial court's custody determination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019