## APPEAL OF ANDREW P. CORWIN, GUARDIAN.

[Estate of Charles and Grace Corwin, Minors.]

FROM THE DECREE OF THE ORPHANS' COURT OF McKEAN COUNTY.

Argued May 7, 1889—Affirmed at Bar.

Where, upon the petition of a grandfather, a guardian has been appointed for a minor under the age of fourteen years, without the knowledge and consent of the mother, with whom the minor resides, it is not error to revoke the appointment upon the mother's petition.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 109 July Term 1888, Sup. Ct.; court below, No. not given.

On December 5, 1887, Frances E. Corwin, of Foster township, filed her petition representing that she was the mother of Grace Corwin, aged five years, and the stepmother of Charles Corwin, aged eight years, the said minors being children of Wilbur N. Corwin, deceased; that on September 6, 1887, the court appointed Andrew P. Corwin as guardian of said minor

children upon the petition of John C. Corwin, their grand-
father; that such appointment was made without notice of
any kind to the petitioner and was very unpleasant for her,
for the reason that said Andrew P. Corwin was attempting to
assert his authority over the persons and estates of said minors,
ignoring entirely the rights of the petitioner, their mother, and
threatened to remove one of the said minors, to wit, Charles
Corwin, and place him with other parties to bring up; that
said Andrew P. Corwin was ineligible to act as guardian of
said minors by reason of certain business transactions con-
cerning a piece of real estate in McKean county, conveyed by
said John C. Corwin to Wilbur N. Corwin, deceased, during
his lifetime, and on account of certain claims made by said
Andrew P. Corwin and E. A. Corwin, his brother, which would
be in direct conflict with the rights of said minors.  The peti-
tioner prayed the court to vacate the appointment of Andrew
P. Corwin, etc.

On the filing of this petition, a rule to show cause was grant-
ed, and depositions were then taken and filed.

On May 8, 1888, after argument of the proceeding, the court,
MORRISON, J., filed the following opinion:

Wilbur N. Corwin died in the county of McKean on July
21, 1887, intestate, leaving to survive him a widow, Frances
E. Corwin, and two minor children, Charles Corwin, aged eight
years, and Grace Corwin, aged four years.  On September 6,
1887, John C. Corwin, grandfather of these children, presented
his petition to this court praying for the appointment of
Andrew P. Corwin as guardian of said minors, and on the
same day the appointment was made and a bond in the sum of
six thousand dollars, with John C. Corwin as one of the sure-
ties, approved by the court.

From the evidence we find that John C. Corwin is a resident
of Friendship, in the state of New York; that after the death
of Wilbur N. Corwin and prior to the date of said appointment
he had a conversation with the widow, Frances E. Corwin, in
regard to the appointment of a guardian for these children;
that she was led to understand that no application would be
made for such appointment until she had first been consulted.
It further appears that the name of Andrew P. Corwin was not

suggested to her and that his appointment was procured without notice and without her knowledge and consent.

Judging from her petition and evidence, it is quite apparent that she would have opposed this appointment had she known it was about to be made. A petition should not be presented for the appointment of a guardian for a minor child without notice to the surviving parent, if such parent be within the jurisdiction of the court: Senseman's App., 21 Pa. 331. This was a case where the father was within the jurisdiction of the court and a guardian was appointed for his minor child without notice to him, and the Supreme Court reversed the decree. We think the mother should have notice of the application for the appointment of a guardian for her minor child, and more especially when, like the case in hand, the child is of tender years and residing with its mother.

We cannot shut our eyes to the proofs that Andrew P. Corwin had, prior to his appointment, asserted some claim to the estate of Wilbur N. Corwin, which seems to have induced the mother to believe that he was not a suitable guardian for the children. We cannot say under the evidence that she would not have been justified in objecting to this appointment. The conduct of John C. Corwin in coming from another state and securing this appointment without the knowledge of the mother, is not praiseworthy.

If this court had been fully advised of the facts in this matter before the appointment, we are confident it would not have been made. President Judge Olmsted who made the order appointing this guardian, informs us that he acted under the belief that Andrew P. Corwin was satisfactory to all parties interested, and that his appointment was for the best interests of the minors.

We think it for the best interests of the family that this appointment be revoked, and some other person appointed guardian of these children.

A decree was thereupon entered making the rule granted absolute, and vacating the order of September 6, 1887, appointing said Andrew P. Corwin guardian of said minors, provided that said Andrew P. Corwin and his sureties should not be released or discharged until he should first settle an account,

etc. The said Andrew P. Corwin then took this appeal assigning said decree as error.

*Mr. Sheridan Gorton*, for the appellant.

*Messrs. Stone, Brown & Sturgeon*, for the appellees.

PER CURIAM:
On the argument at Bar,

Judgment affirmed.