J-A02016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: HILLCREST TRUST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: LOUIS M. CERTO, M.D. | : | |
| AND MARY KATHLEEN CERTO | : | |
| BLACKWELL, ESQ. | : | |
| | : | |
| | : | |
| | : | No. 1188 WDA 2020 |

Appeal from the Order Entered October 7, 2020
In the Court of Common Pleas of Allegheny County
Orphans' Court at No: 02-17-4234

| | | |
|---|---|---|
| IN RE: 1999 IRREVOCABLE TRUST | : | IN THE SUPERIOR COURT OF |
| FOR THOMAS M. CERTO | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: LOUIS M. CERTO, M.D. | : | |
| AND MARY KATHLEEN CERTO | : | |
| BLACKWELL, ESQ. | : | |
| | : | |
| | : | No. 1189 WDA 2020 |

Appeal from the Order Entered October 7, 2020
In the Court of Common Pleas of Allegheny County
Orphans' Court at No: 02-17-4230

| | | |
|---|---|---|
| IN RE: TMC LEGACY TRUST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: LOUIS M. CERTO, M.D. | : | |
| AND MARY KATHLEEN CERTO | : | |
| BLACKWELL, ESQ. | : | |
| | : | |
| | : | |
| | : | No. 1190 WDA 2020 |

Appeal from the Order Entered October 7, 2020
In the Court of Common Pleas of Allegheny County
Orphans' Court at No: 02-17-4233

J-A02016-22

MEMORANDUM BY MURRAY, J.:                **FILED:  January 28, 2022**

In this appeal, which we consolidated *sua sponte*, Louis M. Certo, M.D., and Mary Kathleen Certo Blackwell, Esquire (Appellants), challenge the order granting their petition for permission to resign as trustees of the TMC Legacy Trust (Legacy Trust), and invalidating the second paragraph of Article Two, Section 3 of the Legacy Trust as against public policy.  Upon careful review, we quash the appeal for lack of standing.

On January 4, 1999, Salvatore and Patricia Certo (collectively, the Certos) settled the 1999 Irrevocable Trust of Thomas M. Certo (1999 Trust). The Certos named their son, Thomas M. Certo (Thomas), as sole trustee.  The 1999 Trust further designated Thomas, his wife Susan Certo (Susan), and their children as beneficiaries.  The 1999 Trust granted Thomas the power of appointment to create a subtrust.

On January 14, 2005, in accordance with his power of appointment to create a subtrust, Thomas settled the Hillcrest Trust.  Thomas named Anthony M. Tedesco as trustee, subject to removal and replacement at any time by the then-serving trustee(s) of the 1999 Trust, *i.e.*, Thomas.  On March 26, 2007, Thomas appointed himself as sole trustee of the Hillcrest Trust.

---

* Retired Senior Judge assigned to the Superior Court.

- 2 -

On December 23, 2009, the Certos settled the Legacy Trust, appointing Thomas as the trustee. The Legacy Trust designated Thomas, Susan, and their children as beneficiaries. Of note, the second paragraph of Article II, Section III of the Legacy Trust included the following provision:

> In the event that an action for annulment, divorce or separate maintenance is instituted by the Grantors' son, THOMAS M. CERTO, or their daughter-in-law, SUSAN L. CERTO, at any time during their marriage, SUSAN L. CERTO shall not be a permissible beneficiary under this Article or any other provision of this Trust, shall not serve as a Trustee hereunder and shall not hold any power of appointment hereunder under this Article for as long as said action remains pending. If said action results in an annulment or divorce, the Trustees, in their sole and absolute discretion, shall, upon the entry of a final decree of annulment or divorce, identify an amount for SUSAN L. CERTO equal to the value of the corpus of this Trust at that time divided by the number of the Certo Family Members living at that time (for purposes of this Agreement the Certo Family Members shall include THOMAS M. CERTO, SUSAN L. CERTO and their children). The Trustees shall distribute assets equal to one-third (1/3) of said amount determined above to SUSAN L. CERTO within ninety (90) days of the entry of a final decree or annulment or divorce. … Unless the Trustees default in making any required distribution to SUSAN L. CERTO pursuant to this paragraph, all rights, interests and powers she may have as a beneficiary, trustee, holder of a power of appointment or in any other capacity, in and to any trust under this Agreement shall be terminated at the time of the entry of a final decree of annulment or divorce.

Legacy Trust, Article II, Section 3, ¶ 2 (Paragraph 2). Thomas subsequently transferred all assets in the 1999 Trust and the Hillcrest Trust to the Legacy Trust.

In March 2017, Susan filed for divorce. On July 21, 2017, Susan filed citation petitions (collectively, Citation Petition)[1] requesting the recording of the trust agreements and the filing of an account for each trust. Susan asserted that Thomas had violated his duties to the beneficiaries of the Hillcrest Trust by transferring all trust assets to the Legacy Trust. Citation Petition, 7/21/17, ¶ 18. Susan further claimed that Thomas had transferred marital assets to the Hilcrest Trust and Legacy Trust. *Id.* ¶ 21. Susan asserted, "[a]lthough the Trust seeks to limit her interest to one-third of the assets, it is believed and therefore averred that provision is unenforceable to limit [Susan's] marital and beneficiary rights." *Id.* ¶ 20 (emphasis added).

On October 3, 2017, Thomas filed a petition for a declaratory judgment under Section 7535 of the Pennsylvania Judicial Code[2] and filed an amended petition on October 27, 2017 (Declaration Petition). The Declaration Petition sought a declaration that, pursuant to Paragraph 2, Susan is entitled only to one-sixth (1/6) of the Legacy Trust *corpus*. Declaration Petition, 10/27/17, ¶ 4.

---

[1] All referenced petitions and court filings were filed at each of the three orphans' court docket numbers: 02-17-4234 (1999 Irrevocable Trust), 02-17-4230 (Hillcrest Trust), and 02-217-4232 (Legacy Trust).

[2] *See* 42 Pa.C.S.A. § 7535 ("Any person interested … may have a declaration of rights or legal relations in respect thereto[] … [t]o determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.").

On November 27, 2017, Thomas resigned as trustee of the 1999 Trust, the Hillcrest Trust, and the Legacy Trust. Thomas appointed Appellants, his siblings, as co-trustees of each trust.

Susan subsequently filed a citation petition to reform the Legacy Trust regarding the apportionment of trust assets (Reform Petition). Reform Petition, 6/25/18. The Reform Petition challenged Paragraph Two as an unlawful postnuptial provision and void against public policy. *Id.* ¶¶ 4, 41. The Reform Petition further averred that Thomas fraudulently had transferred marital assets to the Legacy Trust to preclude the equitable distribution of those assets in divorce proceedings. *Id.*, ¶ 20, 24-25.

On May 15, 2020, Appellants petitioned for a rule to show cause why a successor trustee should not be appointed, and requested permission to resign as trustees of the 1999 Trust, the Hillcrest Trust, and the Legacy Trust (the Resignation Petition). Appellants averred, in part, that Thomas is the primary beneficiary of the Legacy Trust; Susan and the children are secondary beneficiaries; and trustees of the Legacy Trust were authorized to make distributions to Susan only during her marriage to Thomas. Resignation Petition, 5/15/20, at ¶¶ 16-18. Appellants advised that Thomas "asked [Appellants] to re-appoint him as Trustee" of the 1999 Trust, the Hillcrest Trust, and the Legacy Trust. *Id.*, ¶ 49. Appellants cautioned, however, that the children of Susan and Thomas objected because Thomas "is not fit to serve

as Trustee due to beliefs that he is frequently under the influence of alcohol." *Id.*, ¶ 50.

Susan did not object to the resignation of Appellants as trustees, but filed a response requesting that the orphans' court act on her Reform Petition. Response to Citation, 6/25/18, ¶ 8. Susan further asserted that Thomas had failed to effectuate the terms of their marital settlement agreement, in which he had agreed to sell the marital residence, a Legacy Trust asset. *Id.*, ¶¶ 9-10.

In its August 21, 2020, Memorandum and Order, the orphans' court granted Appellants' Resignation Petition, and permitted Appellants to resign as trustees to all three trusts. Memorandum and Order, 8/21/20, at 1. The orphans' court directed that Appellants' "exit duties" would be "consistent with Pennsylvania law." *Id.* at 1-2. The court appointed Colin Certo and Emily Certo (Current Trustees), two adult children of Thomas and Susan, as trustees of the Legacy Trust. Finally, the orphans' court addressed Susan's Reform Petition, and concluded that Paragraph 2 of the Legacy Trust is void against public policy. *See* Orphans' Court Order, 8/21/20.

Appellants timely filed a motion for reconsideration regarding the orphans' court's determination that Paragraph 2 is void as against public policy. Motion for Reconsideration, 9/10/20, ¶ 106. Appellants did not request reconsideration of their resignations. *See id.* The Current Trustees did not join Appellants' motion for reconsideration. Rather, Current Trustees

filed a memorandum agreeing with the orphans' court's legal conclusion regarding Paragraph 2. Current Trustees' Memorandum of Law, 10/2/20, at 2. Further, Current Trustees informed the court that Appellants had concluded their "exit duties," and all assets and records of the Legacy Trust had been transferred to the Current Trustees. ***Id.*** at 3.

On September 16, 2020, the orphans' court granted reconsideration of its prior determination regarding Paragraph 2. ***See*** Orphans' Court Order, 9/16/20, at 1 (granting reconsideration and permitting the parties to present written opposition to the matters complained of in the reconsideration request). After oral argument, the orphans' court denied the substantive relief requested by Appellants based upon their lack of standing as former trustees of the Legacy Trust. Orphans' Court Order, 10/8/20, at 1. At each docket, Appellants timely filed notices of appeal.[3] Appellants and the orphans' court complied with Pa.R.A.P. 1925, and this Court subsequently consolidated the appeal for disposition.

Appellants present two issues for our review:

1. Whether the lower court erred in holding that Appellants … lack standing to challenge Susan L. Certo's Petition for Citation and to seek reconsideration of the [Orphans'] Court's August 19, 2020, Memorandum Opinion and Order.

2. Whether the [Orphans'] Court erred in holding that Article Two, Section Three, Second Paragraph of the [] Legacy Trust is void as against public policy.

---

[3] Thomas did not appeal.

Appellants' Brief at 13 (issues renumbered).

Initially, we consider whether Appellants have standing to appeal the October 8, 2020, Order. "Threshold issues of standing are questions of law; thus, our standard of review is *de novo,* and our scope of review is plenary." ***Rellick-Smith v. Rellick***, 147 A.3d 897, 901 (Pa. Super. 2016) (citation omitted).

Pennsylvania Rule of Appellate Procedure 501 provides, "Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501. Our Supreme Court has explained,

> [a]n individual has standing only if he or she is aggrieved, *i.e.*, adversely affected or negatively impacted in a real and direct fashion, by the proceedings at issue. To demonstrate that he or she is aggrieved, an individual must establish a substantial, direct and immediate interest in the proceedings. An individual's interest in the proceedings is substantial if it surpasses the common interest of all citizens in procuring obedience to the law. An individual's interest is direct if there is a causal connection between the asserted violation and the harm complained of, and the interest is immediate if that causal connection is not remote or speculative.

***In re Miller***, 27 A.3d 987, 992-93 (Pa. 2011) (internal quotation marks and citation omitted).

Appellants state that on June 26, 2014, Louis M. Certo participated in "exercise[ing] the Power of Appointment by deleting Article Two, Section 3 of the Trust and Article Three, Section 1, and replacing them with" Paragraph 2, the provision declared void by the orphans' court. Appellants' Brief at 53.

- 8 -

Appellants claim standing because the orphans' court has now declared that action to be against public policy. *Id.* at 53-54.

Appellants also claim standing by virtue of their status "as resigning Trustees whose 'exit duties' included the duty to protect the trust property under 20 Pa.C.S.A. § 7767(a)." Appellants' Brief at 55. Appellants assert they filed this appeal to protect the Legacy Trust's property. *Id.* at 55. Appellants' claims are unavailing.

Appellants' status as resigning cotrustees is defined by statute:

Unless a cotrustee remains in office or the court otherwise orders, a trustee who has resigned or been removed has the duties of a trustee and the powers necessary to protect the trust property **until the trust property is delivered to a successor trustee or other person entitled to it**.

20 Pa.C.S.A. § 7767(a) (emphasis added). Section 7767 further requires "[a] trustee who has resigned or been removed shall proceed expeditiously to deliver the trust property within the trustee's possession to the cotrustee, successor trustee or other person entitled to it." *Id.* § 7767(b).

The orphans' court granted Appellants' Resignation Petition regarding Paragraph 2 on August 21, 2020. *See* Orphans' Court Memorandum and Order, 8/21/20, at 1. In an October 2, 2020, memorandum, Current Trustees informed the orphans' court that Appellants had "completed and fully discharged" their duties as resigning trustees. Memorandum of Joint Trustees, 10/4/20, at 1. Appellants have not disputed Current Trustees' representation. Thus, applying Section 7767, Appellants did not retain "powers necessary to

protect the trust property" beyond October 2, 2020. ***See*** 20 Pa.C.S.A. § 7767(a); ***see also*** 1 Pa.C.S.A. § 1921(b) ("When words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Further, any interest of Appellants, by virtue of their exercise of the Power of Appointment with regard to Paragraph 2, concluded with the transfer of the trust assets to Current Trustees. ***See id.*** Consequently, Appellants' claim to standing on this basis fails.

Appellants also claim standing by virtue of Louis M. Certo's status as a "Business Trustee" of the Legacy Trust. Appellants' Brief at 54. Appellants cite Judicial Code Sections 7533 and 7535 to support this claim. ***Id.*** at n.3.

Section 7533 provides,

> [a]ny person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

42 Pa.C.S.A. § 7533.

Section 7535 provides, in relevant part, as follows:

> Any person interested, as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or *cestui que* trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:
>
> (1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others.

. . .

(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

42 Pa.C.S.A. § 7535.

In determining whether Appellants have standing as the "business trustee," we look to the language of the Legacy Trust, mindful that the settlor's intent is the polestar of interpreting the provisions of the trust. *See In re Jackson*, 174 A.3d 14, 29 (Pa. Super. 2017). "[T]he settlor's intent must be ascertained from the language of the trust, and we give effect, to the extent possible, to all words and clauses in the trust document." *Id.* at 30.

The Legacy Trust expressly set forth the responsibilities and authority of "business trustees" as follows:

> With respect to exercising the voting rights of any "Voting Business Interest," it is the Grantors' intention and direction that all such voting rights shall be vested solely in the committee of Business Trustees as set forth and specifically named below. In addition, although the Trustees that may serve hereunder pursuant to Section 1 above (the "*Primary Trustees*") shall generally have full discretion over investment policy and distributions over Income and principal over any trustee created hereunder, subject to the restrictions imposed in this Agreement, the Primary Trustees must obtain the consent of the committee of Business Trustees prior to making a distribution of any Voting Business Interest to a beneficiary. Also, the committee of Business Trustees shall have the power to direct the Primary Trustees to liquidate any investment held by any trust hereunder and to lend funds to any entity owned by any trust created hereunder.

. . .

- 11 -

> In the case of any vote regarding the distribution, transfer of sale or all or substantially all of the equity or assets of any entity described above, the unanimous vote of all Business Trustees shall be required to authorize such action.

Legacy Trust, Article VII, Section 2.

Here, the orphans' court's invalidation of Paragraph 2 did not implicate exercising of voting rights of any voting business interest, the distribution of a business interest, the liquidation of a trust investment, the lending of trust funds to another entity, or a vote regarding the distribution or transfer of sale of all equity or assets of any trust entity. *See id.* As such, Appellants fail to establish that the "business trustee" was "aggrieved" by the orphans' court's invalidation of Paragraph 2. *See* Pa.R.A.P. 501. Accordingly, Louis M. Certo does not have standing as a business trustee to the Legacy Trust.

Because Appellants lack standing to appeal, we quash.

Appeal quashed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/28/2022</u>

- 12 -